The People of Puerto Rico, Plaintiff and Appellee, *v.* Santiago Cruz Zalduondo, Defendant and Appellant.

No. 5823.   Argued January 14, 1933.—Decided April 28, 1936.

A. *García Veve* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Santiago Cruz Zalduondo was convicted of aggravated assault and battery alleged to have been committed maliciously and with criminal intent on the person of Juan Cruz. The wound, described in the complaint as slight, was alleged to have been inflicted with a sharp instrument. Section 6 of an act approved March 10, 1904 (Comp. Stat. 1911, section 5664) reads in part as follows:

"Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

\*      \*      \*      \*      \*      \*      \*

"9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

The words "by the use of means calculated to inflict great bodily injury" appear in the Spanish version *"para el fin calculado de inferir graves heridas corporales."* Three different witnesses referred in as many different ways to the instrument used in the instant case as a penknife, as *una navaja corva,* and as *una cuchilla corva.* For the pur-

poses of this opinion it may be conceded that the means employed were "calculated to inflict great bodily injury" although there is ample room for argument as to this aspect of the case. There is, of course, no question as to whether the instrument employed was a deadly weapon. The complaint does not charge an assault with a deadly weapon. There was nothing to indicate that the instrument employed was a deadly weapon. There is no contention in this court, nor apparently was there any contention in the municipal or in the district court, that the instrument in question was a deadly weapon.

Santiago Cruz Zalduondo left the house of his mistress, Gregoria Cordero Santiago, about eleven o'clock in the evening. When he reached the street corner he saw his cousin, Juan Cruz, entering the house and he retraced his steps. On his return to the house, he found Juan Cruz and Gregoria Cordero in the latter's bedroom. When he knocked at the door of the bedroom it was opened by Juan Cruz who asked him what was the matter. Santiago struck his rival with his penknife or *cuchilla corva* and inflicted a slight wound in the throat. He then attacked his mistress and inflicted various wounds, none of which are shown to have been any more serious than that received by Juan Cruz. There is a sharp conflict in the testimony as to what occurred after Santiago's entry into the bedroom. We have given here the version most favorable to the prosecution.

Santiago Cruz was also convicted of an aggravated assault and battery committed on the person of Gregoria Cordero. The judgment was affirmed by this court January 22 of this year. In that case, the aggravating circumstance was that the assault had been committed upon a female by an adult male. There was no question of a premeditated design.

Santiago Cruz, of course, committed an assault on the person of Juan Cruz. It was not, however, an aggravated assault unless there was a premeditated design.

When Santiago Cruz, in his own house, shortly before midnight rapped on the door of his mistress' bedroom, he was met at the threshold by an inquisitive rival who wanted to know what was the matter. Santiago Cruz must be presumed to have intended to do what he did. He may have committed an intentional assault, however, without any premeditated design.

If Santiago Cruz had formed a premeditated design to commit an assault on his rival, it is not probable that he would have been content with a single ineffective stroke before turning from that rival to attack his unfaithful mistress. Juan Cruz was unarmed. There was nothing to prevent Santiago Cruz from carrying out any premeditated design to inflict upon the intruder such punishment as in the circumstances a premeditated design would naturally include. The circumstances surrounding the assault on Juan Cruz were quite as consistent with the theory of an unpremeditated assault as they were with the theory of a premeditated design. It is not unreasonable to believe that if Juan Cruz had stepped out of the way and had permitted Santiago Cruz to pass, or if Juan Cruz had been able to suppress his idle curiosity as to the objective of Santiago Cruz in his unexpected return to his own house, Juan Cruz might have escaped unscathed. If the assault was not clearly unpremeditated, precipitated, and provoked by the manner in which Juan Cruz conducted himself in the house of his cousin, Santiago Cruz, there was at least no satisfactory evidence of a premeditated design.

It is quite conceivable, of course, that Santiago Cruz had formed a premeditated design which he abandoned after the first stroke with his penknife or *cuchilla corva*. It is also conceivable that his premeditated design contemplated nothing more than the punishment actually inflicted. The existence of a premeditated design can not, however, be predicated on mere surmise or conjecture. It may be inferred from circumstances when the circumstances warrant

such an inference. No such inference should be drawn from circumstances which are equally consistent with the theory of a sudden impulse, passion, or resentment, aroused by the exasperating conduct of the person assaulted.

Santiago Cruz, we think, was guilty of a simple assault and battery, committed in extenuating circumstances.

The judgment appealed from will be modified accordingly and, as modified, affirmed.